Isabel M. Humphrey, Esq.
HUNTER, HUMPHREY & YAVITZ, PLC
410 North 44th Street, Suite 320
Phoenix, Arizona 85008
602-275-7733 (P)
480-452-1374 (F)
isabel@hhylaw.com

Attorneys for Plaintiff Owens

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brennon Owens, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ABITIBI Consolidated Sales Corporation, a Delaware Corporation; | |
| The Apache Railway Company, an Arizona Corporation, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, Brennon Owens, for his claims and causes of action against the above-named Defendants, states and alleges as follows:

1.  Jurisdiction of this Court is based upon Title 45 U.S.C. § 51 et seq., commonly known as the Federal Employers' Liability Act, and is timely commenced.

2.  At all times material hereto, Defendant ABITIBI-Consolidated Sales Corporation (ABITIBI Sales) was an interstate common carrier for hire and was engaged in furthering interstate commerce and/or foreign commerce, directly or closely and substantially affected interstate commerce and was conducting railroad activities in the State of Arizona, including lines of track in the district where this action is filed.

Complaint
Page 1

3. At all times material herein, Defendant The Apache Railway Company (Apache) was an interstate common carrier for hire and was engaged in furthering interstate commerce and/or foreign commerce, directly or closely and substantially affected interstate commerce, and was conducting railroad activities in the State of Arizona, including lines of track in the district where this action is filed.

4. At all times material herein, Plaintiff, Brennon Owens, was and is a resident of the City of Taylor, County of Navajo, State of Arizona.

5. Plaintiff Brennon Owens was employed by Defendant ABITIBI Sales as their servant and employee, and as such was working and engaged in interstate transportation and commerce and was working in furtherance of Defendant ABITIBI Sales' interstate commerce and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant ABITIBI Sales as a railroad common carrier freight for hire.

6. Apache is a wholly owned subsidiary of ABITIBI Sales. Employees from ABITIBI Sales, including Plaintiff, regularly engage in railroad operations and practices with employees from Apache in furtherance of interstate and/or foreign commerce.

7. Apache Railroad interchanges railcars with the BNSF Railway Company in Maverick, Arizona.

8. On or about June 25, 2006 at or about 12:00 p.m., Plaintiff Brennon Owens was engaged in the course and scope of his employment for Defendant ABITIBI Sales at or near Snowflake, Arizona in Navajo County.

9. On said date and at said time, Plaintiff was riding on a railcar when he was caused to fall from the railcar, causing his left leg to be severed by moving railcars.

## COUNT I - FELA VIOLATION OF ABITIBI SALES

10. Plaintiff realleges and incorporates paragraphs 1-9 as if originally and fully pled in Count I.

11. The injuries sustained on June 25, 2006 by Plaintiff Brennon Owens and the resulting damage was caused, in whole or in part, by the negligence of Defendant ABITIBI Sales, its agents, employees, and officers and in violation of the FELA, 45 U.S.C § 51 et. seq., to wit, Defendant ABITIBI Sales was negligent:

    a.    in failing and neglecting to provide Plaintiff with a reasonably safe place to work as required by law;

    b.    in failing and neglecting to provide Plaintiff with safe and proper equipment with which to do said work;

    c.    in failing and neglecting to properly warn Plaintiff of the dangers which confronted him;

    d.    in failing and neglecting to provide proper supervision of the work assigned to Plaintiff;

    e.    in failing and neglecting to properly train its employees;

    f.    in failing and neglecting to adopt, install, implement and enforce safe methods and procedures for the described operation;

    g.    in failing and neglecting to provide adequate lighting; and

    h.    other acts of negligence.

12. Due in whole or in part to Defendant ABITIBI Sales' negligence under the Federal Employers' Liability Act as set forth above, Plaintiff sustained severe and permanent injuries to left leg, nose, lower lip and the related muscles, nerves, bones, tissues, ligaments and

internal parts thereof, all in violation of the Federal Employers' Liability Act 45 U.S.C. § 51 et seq.

13.     Due in whole or in part to Defendant ABITIBI Sales' aforesaid negligence under the Federal Employers' Liability Act, Plaintiff has experienced and will continue to experience into the future great bodily and mental pain and anguish.

14.     In an effort to treat, heal and relieve his said injuries, Plaintiff was obliged to incur, and will continue to incur into the future, substantial expenses for medical and hospital related care and treatment in an amount Plaintiff is unable to accurately estimate at this time.

15.     Due in whole or in part to Defendant ABITIBI Sales' negligence under the Federal Employers' Liability Act as set forth above, Plaintiff sustained a loss of wages and will in the future continue to sustain a loss of wages and permanent diminution of his earning capacity, including loss of fringe benefits, the exact amount of which Plaintiff is unable to accurately estimate or determine at this time.

16.     Due in whole or in part to Defendant ABITIBI Sales' negligence under the Federal Employers' Liability Act as set forth above, Plaintiff has experienced and will continue to experience into the future a loss of enjoyment of life.

## COUNT II - FELA VIOLATION - APACHE

17.     Plaintiff realleges and incorporates paragraphs 1-16 as if originally and fully pled in Count II.

18.     Plaintiff Brennon Owens was employed by Defendant Apache, as their servant and employee, and as such was working and engaged in interstate transportation and commerce and was working in furtherance of Defendant Apache's interstate commerce and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant Apache as a railroad common carrier freight for hire.

19. The injuries sustained on June 25, 2006 by Plaintiff Brennon Owens and the resulting damage was caused, in whole or in part, by the negligence of Defendant Apache, its agents, employees, and officers and in violation of the FELA, 45 U.S.C § 51 et. seq., to wit, Defendant Apache was negligent:

   a. in failing and neglecting to provide Plaintiff with a reasonably safe place to work as required by law;

   b. in failing and neglecting to provide Plaintiff with safe and proper equipment with which to do said work;

   c. in failing and neglecting to properly warn Plaintiff of the dangers which confronted him;

   d. in failing and neglecting to provide proper supervision of the work assigned to Plaintiff;

   e. in failing and neglecting to properly train its employees;

   f. in failing and neglecting to adopt, install, implement and enforce safe methods and procedures for the described operation;

   g. in failing and neglecting to provide adequate lighting; and

   h. other acts of negligence.

20. Due in whole or in part to Defendant Apache's negligence under the Federal Employers' Liability Act as set forth above, Plaintiff sustained severe and permanent injuries to his left leg nose, lower lip, and the related muscles, nerves, bones, tissues, ligaments and internal parts thereof, all in violation of the Federal Employers' Liability Act 45 U.S.C. § 51 et seq.

21. Due in whole or in part to Defendant Apache's aforesaid negligence under the Federal Employers' Liability Act, Plaintiff has experienced and will continue to experience into the future great bodily and mental pain and anguish.

22. In an effort to treat, heal and relieve his said injuries, Plaintiff was obliged to incur, and will continue to incur into the future, substantial expenses for medical and hospital related care and treatment in an amount Plaintiff is unable to accurately estimate at this time.

23. Due in whole or in part to Defendant Apache's negligence under the Federal Employers' Liability Act as set forth above, Plaintiff sustained a loss of wages and will in the future continue to sustain a loss of wages and permanent diminution of his earning capacity, including loss of fringe benefits, the exact amount of which Plaintiff is unable to accurately estimate or determine at this time.

24. Due in whole or in part to Defendant Apache's negligence under the Federal Employers' Liability Act as set forth above, Plaintiff has experienced and will continue to experience into the future a loss of enjoyment of life.

## COUNT III - NEGLIGENCE - APACHE

25. Plaintiff realleges and incorporates paragraphs 1-9 and 17-24 as if originally and fully pled in Count III.

26. Plaintiff entered the property of Apache railroad to perform work related services for Apache and ABITIBI Sales; as such, Apache owed Plaintiff a heightened duty as a business invitee.

27. The injuries sustained on June 25, 2006 by Plaintiff Brennon Owens and the resulting damage was proximately caused by the negligence of Defendant Apache, its agents, employees, and officers, to wit, Defendant Apache was negligent:

    a. in failing and neglecting to provide Plaintiff with a reasonably safe place to work as required by law;

    b. in failing and neglecting to provide Plaintiff with safe and proper equipment with which to do said work;

   c. in failing and neglecting to properly warn Plaintiff of the dangers which confronted him;

   d. in failing and neglecting to provide proper supervision of the work assigned to Plaintiff;

   e. in failing and neglecting to properly train its employees;

   f. in failing and neglecting to adopt, install, implement and enforce safe methods and procedures for the described operation;

   g. in failing and neglecting to provide adequate lighting; and

   h. other acts of negligence.

  28. As a proximate result of Defendant Apache's negligence as set forth above, Plaintiff sustained severe and permanent injuries to left leg, nose, lower lip and the related muscles, nerves, bones, tissues, ligaments and internal parts thereof.

  29. As a proximate result of Defendant Apache's negligence as set forth above, Plaintiff has experienced and will continue to experience into the future great bodily and mental pain and anguish.

  30. In an effort to treat, heal and relieve his said injuries, Plaintiff was obliged to incur, and will continue to incur into the future, substantial expenses for medical and hospital related care and treatment in an amount Plaintiff is unable to accurately estimate at this time.

  31. As a proximate result of Defendant Apache's negligence as set forth above, Plaintiff sustained a loss of wages and will in the future continue to sustain a loss of wages and permanent diminution of his earning capacity, including loss of fringe benefits, the exact amount of which Plaintiff is unable to accurately estimate or determine at this time.

32. As a proximate result of Defendant Apache's negligence as set forth above, Plaintiff has experienced and will continue to experience into the future a loss of enjoyment of life.

33. Trial by jury is hereby demanded.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the above-named Defendants in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and such other relief as the Court deems appropriate.

DATED this ___ day of April, 2007.

**HUNTER, HUMPHREY & YAVITZ, PLC**

By  s/Isabel M. Humphrey
Isabel M. Humphrey
Attorneys for Plaintiff